Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| David A Archer, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| Newport Beach Alano Club, Inc, | **Jury Trial Demanded** |
| Defendant. | |

Plaintiff David A Archer ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Newport Beach Alano Club, Inc. ("Newport Beach Alano Club, Inc.") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff equal access to the Newport Beach Alano Club located at 414 32nd Street in Newport Beach, California ("Newport Beach Alano Club").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.
2. Newport Beach Alano Club, Inc. is California corporation with its principal

address in Newport Beach, California. At all times relevant to this complaint, Newport Beach Alano Club, Inc. owned, managed, operated, and/or was otherwise responsible for the Newport Beach Alano Club.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Newport Beach Alano Club is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff lives in Southern California.

7. Plaintiff is disabled.

8. Plaintiff suffers from post-traumatic stress, severe depression, anxiety, as well as mobility issues related to a debilitating back injury.

9. Plaintiff utilizes a service animal to help address the problems related to his disabilities.

10. Plaintiff's service animal was professional trained and undergoes annual recertification as a working service dog.

11. Plaintiff's service animal is specifically trained to help Plaintiff with his mobility and stability; provide a counterbalance to Plaintiff; and retrieve dropped items for Plaintiff. In addition, Plaintiff's service animal is trained to detect signs of anxiety and post-traumatic stress; calm Plaintiff through distraction; alert Plaintiff to the presence of triggers; and interrupt self-destructive behaviors.

12. It is important for a person suffering from post-traumatic stress, severe depression, anxiety, and mobility issues related to a debilitating back injury to be allowed access with their service dog to public accommodations and business establishments because the service dog can significantly enhance the person's quality of life and promotes social inclusion. The service dog can provide invaluable support in managing both physical and emotional challenges. By assisting with mobility and stability, offering counterbalance, and retrieving dropped items, Plaintiff's service dog empowers him to participate more actively in public events, fostering independence and reducing physical strain.

13. Moreover, Plaintiff's service dog plays a vital role in addressing his mental health needs. By detecting signs of anxiety and post-traumatic stress, calming a person down through distraction, alerting a person to potential triggers, and interrupting self-destructive behaviors, a service dog can help an individual maintain emotional stability and well-being.

14. On March 31, 2023, Plaintiff visited the Newport Beach Alano Club with his wife and fully trained service dog. Plaintiff and his wife were there to attend a meeting that was open to the public.

15. Upon entering the Newport Beach Alano Club, a staff member approached Plaintiff and told him that dogs were not allowed at the Newport Beach Alano Club.

16. Plaintiff calmly explained that his dog was a working service animal and not a pet.

17. Unfortunately, the employee would not relent.

18. Plaintiff tried his best to educate the employee about service animal discrimination, but the employee was adamant that the Newport Beach Alano Club had a no-animal policy.

19. When Plaintiff asked to see the Newport Beach Alano Club's policy, Plaintiff was directed to a sign out front of the Newport Beach Alano Club that said that dogs were not allowed except for seeing eye dogs.

20. Plaintiff tried his best to reason with Defendant's employee to no avail. The employee told Plaintiff, in no uncertain terms, that the club's policy was to not allow animals and that the employee did not care what the ADA law said.

21. The employee proceed to kick Plaintiff and his wife, along with Plaintiff's service dog, out of the club.

22. Plaintiff travels to Newport Beach often and would like to return to the Newport Beach Alano Club when Defendant ceases its discriminatory conduct.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

23. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

24. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

25. The Newport Beach Alano Club is a public accommodation.

26. The Newport Beach Alano Club is an auditorium, convention center, or other place of public gathering and/or a social service center establishment.

27. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

28. Newport Beach Alano Club, Inc. has an explicit policy that restricts and denies access to persons like Plaintiff.

29. Newport Beach Alano Club, Inc.'s conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

30. As a result of Newport Beach Alano Club, Inc.'s conduct, denying Plaintiff equal access to the Newport Beach Alano Club, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of

unpleasant and discriminatory treatment should Plaintiff attempt to return to the Newport Beach Alano Club.

31. It is readily achievable for Newport Beach Alano Club, Inc. to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Newport Beach Alano Club.

32. Newport Beach Alano Club, Inc. does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

33. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize the Newport Beach Alano Club, in light of Newport Beach Alano Club, Inc.'s conduct.

34. Newport Beach Alano Club, Inc.'s acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

35. Plaintiff seeks injunctive relief as to Newport Beach Alano Club, Inc.'s inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION
Violations of the Unruh Civil Rights Act
California Civil Code §§ 51-53

36. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

37. Newport Beach Alano Club, Inc. intentionally discriminated against

Plaintiff, denying Plaintiff full and equal access to the Newport Beach Alano Club.

38. Newport Beach Alano Club is a business establishment.

39. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

40. Newport Beach Alano Club, Inc.'s acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

41. Plaintiff was harmed.

42. Newport Beach Alano Club, Inc.'s conduct was a substantial factor in causing Plaintiff's harm.

43. Newport Beach Alano Club, Inc.'s conduct violated the ADA.

44. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

45. Plaintiff also seeks to enjoin Newport Beach Alano Club, Inc. from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Newport Beach Alano Club, Inc. from engaging in unlawful discrimination against disabled persons with service animals when visiting the Newport Beach Alano Club, including, specifically, enjoining its policy of denying access to persons with service animals access to the Newport Beach Alano Club without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Defendant to establish and follow, in good faith, a policy to conduct a good faith assessment when

evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

    2.    Damages of no less than $25,000;

    3.    Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

    4.    Other relief that the court deems appropriate.

Dated: April 11, 2023                    Law Office of Rick Morin, PC

*/s/ Richard Morin*

Richard Morin
Attorney for Plaintiff